IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Kenard Wheeler, Jr.** | * | |
| | * | |
| v. | * | Civil Action No. 20-31 |
| | * | |
| **Alex Azar, II** | * | |

**MEMORANDUM**

Kenard Wheeler filed this employment discrimination action against Alex Azar, II, Department of Health and Human Services ("DHHS"), in the Circuit Court for Anne Arundel County on October 2, 2019. (ECF 2). The action was removed to this court on January 7, 2020. (ECF 1). Wheeler alleges failure to promote, retaliation, and harassment in violation of Title VII of the Civil Rights Act of 1964. Now pending is Azar's motion to transfer, (ECF 10), which will be granted.

**DISCUSSION**

"Venue in Title VII cases is governed by Title VII's own venue provision[.]" *Harley v. Chao*, 503 F. Supp. 2d 763, 772 (M.D.N.C. 2007). That provision provides that venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.]" 42 U.S.C. § 2000e-5(f)(3).[1]

According to the complaint, the alleged unlawful employment practices occurred at Wheeler's workplace, (*see* ECF 2, Compl. at 33–35), which is located in Washington D.C., (*id.* at 3; *see also* ECF 10-1, Decl. of Adriene Dallas, Office of Human Resources, DHHS ¶ 2).

---

[1] The provision also states, "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3). There is no contention that Azar and DHHS are not found within any such district.

Further, records concerning Wheeler's claims are located in Washington D.C, and not in Maryland. (Decl. of Dallas ¶ 3). In his response to the motion to transfer, Wheeler states that he works in Washington D.C. but filed the complaint "in the county where I reside under Title VII." (ECF 11, Response at 1). He also states, "the case can be transferred to another proper venue under Title VII based on the Plaintiff's choice which is the United States District Court for the District of Columbia where I the Plaintiff work." (*Id.* at 2).

The District of Maryland is not the proper venue for this action. Wheeler does not allege that any unlawful employment practices occurred in Maryland and the relevant employment records are not maintained and administered in Maryland. Wheeler does not appear to allege that he was not selected for a position but, in any event, there is no allegation that Wheeler would have worked in Maryland but for an alleged unlawful employment practice. It appears Wheeler filed the action in Maryland because he resides here, but that is not a proper basis for venue under Title VII.

Azar requests that the case be transferred to the U.S. District Court for the District of Columbia, and in his response Wheeler appears to agree. Therefore, the court will transfer this case to the U.S. District Court for the District of Columbia. *See* 28 U.S.C. § 1406; *Harley*, 503 F. Supp. 2d at 774–75.

## CONCLUSION

For the reasons stated above, the court will grant the motion to transfer the case (ECF 10). This case will be transferred to the U.S. District Court for the District of Columbia. A separate order follows.

| | |
|---|---|
|   5/14/20   |   /S/   |
| Date | Catherine C. Blake<br>United States District Judge |